UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dominic Joseph Maga,
    Petitioner

vs

United States of America,
    Respondent

Case No. C-1-07-mc-33
(Dlott, J.)
(Hogan, M.J.)

**REPORT AND RECOMMENDATION**
and
**ORDER**

This matter is before the Court on the United States' Motion to Deny Petition to Quash (Doc. 10), Petitioner's Motion to Dismiss as Moot (Doc. 11), and the United States' Response to Petitioner Maga's Motion to Dismiss as Moot (Doc. 12).

Petitioner, Dominic Joseph Maga, brought this action to quash the third-party summons issued to the Custodian of Records, Prudential Securities and Lynne Schweller, Schweller & Associates by the Internal Revenue Service and served in the matter of Dominic Joseph Maga for the periods including tax years 2003, 2004, and 2005. The IRS is conducting an investigation to determine the correct federal income tax liabilities of the Petitioner, Dominic Joseph Maga, for the tax periods 2002, 2003, 2004, 2005, and 2006. (Doc. 10, Ex. 1, Declaration of Special Agent Antowoine Winters at ¶ 3). As of November 25, 2008, Petitioner had not filed personal federal tax returns for the tax years 2002, 2003, 2004, 2005, and 2006. (Id. at ¶ 4). As part of that investigation, the IRS, through Special Agent Antowoine Winters, issued and served administrative summonses on Prudential Securities ("Prudential") and Schweller & Associates ("Schweller") on June 28, 2007. (Id. at. ¶¶ 8-11). The IRS believes that Petitioner, his wife Lisa Maga, and an entity associated with Petitioner known as the Malgott/Molnar Trust, had financial dealings, accounts, or both, with Prudential. (Id. at ¶¶ 5-6). The IRS also has knowledge that Petitioner used Lynne Brown (also known as Lynne Schweller) of Schweller to prepare personal returns on his behalf for tax years 2003, 2004, and 2005. (Id. at ¶ 7).

Petitioner filed his motion to quash the IRS summonses on July 18, 2007. (Doc. 1). The United States filed two separate motions to dismiss. (Docs. 2, 4). In its first motion, the United States moved the Court to dismiss the case for lack of personal jurisdiction, insufficient process, and insufficient service of process or, in the alternative, to order the Clerk of the Court to issue summonses pursuant to Federal Rule of Civil Procedure 4. (Doc. 2). The Court granted that motion

in part, and ordered the Clerk to issue the Rule 4 summonses. (Doc. 7). The United States submitted a second motion to dismiss for lack of subject matter jurisdiction based upon Petitioner's failure to serve notice of his petition to quash with the IRS. (Doc. 4). The Court denied the motion. (Docs. 7, 9). The United States now submits this motion to deny Petitioner's Petition to Quash the Summonses arguing that it has established its prima facie case. Specifically, Respondent argues that Special Agent Winters issued the summonses for a legitimate and relevant purpose, the IRS did not already possess the materials, and Mr. Winters followed appropriate procedures. Respondent contends that, because Petitioner has failed to establish that the IRS summonses were an abuse of process, the Petitioner's Petition to Quash should be denied.

Petitioner, in his Motion to Dismiss Petition, moves the Court to dismiss the Petition as moot in light of Petitioner's subsequent indictment on charges of tax evasion regarding the same tax years as those addressed by the summonses sought to be quashed. Respondent does not object to the requested dismissal, but rather, argues that the basis for Petitioner's request is erroneous. Respondent contends that the subsequent criminal indictment does not render the Petition to Quash Summonses moot because the IRS "did not, and could not, use that summoned information as a basis for the indictment." However, the summoned information may be used in the criminal case upon the Court's dismissal of the within action. As Petitioner has filed no reply to the United States' Response, we can assume Petitioner has not reconsidered his request to dismiss his Petition to Quash Summonses. For this reason, we find that Petitioner's Motion to Dismiss as Moot (Doc. 11), and the United States' Motion to Deny Petition to Quash (Doc. 10) should be GRANTED and this case should be TERMINATED upon the Court's docket.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Petitioner's Motion to Dismiss as Moot (Doc. 11), and the United States' Motion to Deny Petition to Quash (Doc. 10) be GRANTED.

2) This case be TERMINATED upon the Court's docket.

Date: 1/12/10

Timothy S. Hogan
United States Magistrate Judge

2

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\Other civil\Maga2.mtd.wpd